# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-03031-01-CR-S-MDH |
| STEVEN LESLIE PEPPER, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's *Pro Se* Motion Requesting Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 59). The Government opposes Defendant's Motion for Compassionate Release. (Doc. 63). The Defendant has replied to the Government's Response in Opposition. (Doc. 64).

On April 7, 2011, a federal grand returned a two-count indictment charging Defendant in Count One with coercion of a minor to produce child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and in Count Two with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). On July 12, 2011, Defendant pled guilty, without a plea agreement, to both Counts One and Two. (Doc. 21). The Court sentenced Defendant to 360 months for Count One and 60 moths on Count Two, with the sentences to be run consecutively with each other, for a total sentence of 420 months. The Court additionally sentenced Defendant to supervised release for a term of life upon release from imprisonment. (Doc. 26)

For a district court to be able to grant a § 3582(c)(1)(A) reduction the defendant must meet three conditions: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13, including that the defendant is not a

danger to another person or the community; and (3) the § 3553(a) factors weigh in favor of compassionate release. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). Defendant's Motion for Compassionate Releases contends that extraordinary and compelling reasons exist because of allegations of prosecutorial misconduct, ineffective assistance of counsel, and his recent diagnosis of myeloid leukemia. (Doc. 59).

Defendant first alleges that the prosecutor had offered his defense counsel a plea deal where if he plead guilty to Count One, the prosecution would dismiss Count Two and would contact the state prosecutor to see if the state charges would be dropped. Defendant asserts he pled guilty and thus should have been awarded the terms of the agreement, even though at the time he was unaware of the alleged plea agreement. Defendant next alleges that he suffered ineffective assistance of counsel because his attorney never advised him of the alleged plea agreement. These allegations do not constitute an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A). A defendant "cannot avoid the restrictions of the post-conviction relief statute by resorting to a request for compassionate release instead. *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022) (citing *United States v. Hunter*, 12 F.4th 555, 567 (6th Cir. 2021).

Defendant next argues that his diagnosis of myeloid leukemia constitutes an extraordinary and compelling reason for compassionate release. If Defendant is suffering from a terminal illness this could constitute an extraordinary and compelling reason. *See* U.S.S.G. § 1B1.13(b)(1)(A). However, the Bureau of Prison ("BOP")'s denied Defendant for compassionate release stating he does not meet the criteria for a terminal medical condition. (Doc. 59-2). The BOP rejected Defendant's request for compassionate release based on him not "being diagnosed with a terminal, incurable disease whose life expectancy is eighteen months or less, and/or has a disease or condition with an end-of-life trajectory." *Id*. Defendant's response to the

Government's opposition even indicates that with treatment there is a 50 percent chance of recovery. (Doc 64, page 3). Defendant's myeloid leukemia does not meet the criteria under U.S.S.G. § 1B1.13(b)(1)(A) to necessitate a finding for extraordinary and compelling reason for compassionate release. The Court finds that the Defendant has not established that his situation is so extraordinary or compelling that he should be released.

After careful consideration of the record before the Court, including the arguments contained in the Government's response and Defendant's reply, the Court hereby **DENIES** Defendant's *Pro Se* Motion for Compassionate Release.

**IT IS SO ORDERED**.
DATED:  November 7, 2024      */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**